Carole Renee BATTISTE and Craig Battiste, Sr., Plaintiffs,

v.

John ROJESKI, Greg Crawford, Dan Prueter, Matt Houchlei, Fred McPhail, Kevin Hearld, Jeff Lutz, Richard Torongeau and John Doe 1, et al., Defendants.

No. Civ. 01–74813.

United States District Court,
E.D. Michigan,
Southern Division.

May 12, 2003.

Marvin Barnett, Marvin Barnett & Associates, PC, Detroit, MI, for Plaintiffs.

Christopher J. Johnson, William C. Kelley, Johnson, Rosati, LaBarge, Aseltyne & Field, PC, Farmington Hills, MI, for Rojeski, Crawford, Prueter, Houchlei, McPahil, Hearld, Lutz Houchlei, McPhail, Hearld, Lutz.

Office of the Michigan Attorney General, Tort Defense Division, Lansing, MI, for Torongeau.

### OPINION AND ORDER

FEIKENS, District Judge.

#### INTRODUCTION

This is a § 1983 action against several Eaton County Sheriff's Department Deputies and a Michigan State Police Officer arising out of the execution of a search warrant on plaintiffs' home on or about November 17, 1999. Plaintiffs bring federal 42 U.S.C. § 1983 claims for violation of the "knock-and-announce" rule, excessive force, unreasonable detention and state law claims for assault and battery, false arrest, and false imprisonment. Defendants now bring motions for dismissal, or in the alternative, summary judgment against all claims. For the reasons below, defendants' summary judgment motions are GRANTED.

#### BACKGROUND FACTS

At 3:00 a.m. on November 14, 1999, plaintiffs' son, Craig Willie Battiste, Jr., along with two other African–American males, broke into the young woman's home with a semi-automatic handgun and a rifle. They subdued the victim, tied up her parents, repeatedly raped the victim, and kidnaped her. A fourth suspect was waiting outside in a Ford Expedition vehicle, and they fled the scene. While in the car, the suspects repeatedly raped the victim. The suspects then took the victim to a motel room in Detroit, Michigan, where they repeatedly raped the victim. Def. Rojeski's Affidavit.

After the suspects released the victim, she was found by the police and taken to a hospital for treatment. While the victim was at the hospital, defendant Rojeski interviewed her, and accompanied her to identify the motel room. The motel room was registered to Craig Willie Battiste, Jr. under his parents' address of 13830 Brush St. in Highland Park, Michigan. The motel owner also provided the license number of the Ford Expedition vehicle, which was registered to Craig Willie Battiste, Jr. and his mother, Carole R. Battiste under the same address. Id.

Craig Willie Battiste, Jr. was arrested on the night of November 16, 1999 and was later convicted on 24 felony counts, including: home invasion first degree; criminal sexual conduct first degree; armed robbery; kidnaping; criminal sexual conduct first degree during felony; bank robbery; motor vehicle unlawfully driving away; felony firearm; home invasion first degree, and was sentenced to 400 to 700 months in prison by the Eaton County Circuit Court.

Based on the victim's testimony, the motel registration address, and the Ford Ex-

pedition vehicle's Michigan registration address, Detective Rojeski obtained a search warrant to search plaintiffs' home. The search warrant included such dangerous weapons as a "Marlin 22 rifle, 22 cal. Ammunition, [and] ... semi-automatic hand gun." Search Warrant, Def. Ex. 10.

The police search team executed the search warrant at 12:30 a.m., November 17, 1999. The search team was a joint task force consisting of Michigan State Police and Eaton County Sheriff's Department Officers. Upon hearing banging at her front door, plaintiff Mrs. Battiste went downstairs in her nightgown to respond. Battiste Dep. 9. Not seeing anyone through the peephole and thinking it was her son, plaintiff unlocked the screen door. *Id.* She alleges that the police immediately pulled opened the screen door, knocked her to the ground, and yelled at her to stay down. *Id.* at 10–11. Someone then pulled her onto the staircase insider her home and put a knee on her back. *Id.* at 12, 23. Plaintiff then alleges that she was handcuffed for about five minutes, pulled up by an officer, searched by a female officer, and made to sit on the couch with only her nightgown on. *Id.* at 14. Plaintiff alleges that at all times, guns were pointed at her and she was held against her will. Plaintiff was only allowed to go upstairs and put on a robe after the police had completed the search.

## ANALYSIS

### Rule 12(c) Judgment on the Pleadings Standard

Rule 12(c) motions are analyzed under the same criterion as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(h)(2). I must construe the complaint in a light most favorable to the plaintiffs, accept all of the factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Claybrook v. Birchwell,* 199 F.3d 350 (6th Cir.2000) (citations omitted).

### Motion for Summary Judgment Standard

In the alternative, defendants move for summary judgment pursuant to Rule 56. Fed.R.Civ.P. 56. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). I must view the evidence and any inferences drawn from the evidence in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted), *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir. 2001).

### Qualified Immunity

■ Qualified immunity is "an entitlement not to stand trial or face the other burden of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). To determine the issue of qualified immunity, I must determine first, whether the officer's alleged conduct violated a constitutional right; and if so, whether that right was clearly established. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Even if a right is clearly established, defendants are still entitled to qualified immunity if their actions were reasonable. *See Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987).

### A. Excessive Force

■ Even though the freedom from excessive force is a constitutionally protected right and is clearly established, de-

fendants are nevertheless entitled to qualified immunity if their actions were reasonable. In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court cautioned against the "20/20 vision of hindsight" in favor of deference to the judgment of reasonable officers on the scene. The Court in *Graham* set forth a list of factors to consider, "requir[ing] careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Even if an officer is mistaken in assessing the amount of force necessary to effectuate an arrest, that mistake is entitled to qualified immunity so long as it is reasonable. *Saucier v. Katz, supra* at 205, 121 S.Ct. 2151.

Applying the *Graham* factors to this case, the officers' action were manifestly reasonable. The crimes being investigated included sexual assault, felony firearm, armed robbery, bank robbery, and kidnaping. The search warrant included such dangerous firearms as a rifle and semiautomatic handgun. Given the violent and severe nature of the crimes and the dangerous items being searched for, the officers' use of force was reasonable.

Moreover, plaintiffs have failed to present evidence showing the extent of injuries caused by the defendants. Plaintiff Mrs. Battiste claims that she suffered some bruises and abrasions, but those injuries are not excessive given the gravity and violence of the crime being investigated.

**B. *Unreasonable Seizure***

■ The officers acted reasonably in detaining Mrs. Battiste for questioning. The crime under investigation included armed robbery, rape, and bank robbery. In response, the officers detained Mrs. Battiste for questioning and handcuffed her for about five minutes. The temporary detention was not excessive and was clearly reasonable. Thus, defendants are entitled to qualified immunity on this claim.

**C. *Violation of the Knock–and–Announce Rule***

■ A failure to comply with the "knock-and-announce" rule is actionable under § 1983 and is a clearly established right that, if proven, would abrogate qualified immunity. *See Dickerson v. McClellan*, 101 F.3d 1151 (6ᵗʰ Cir.1996). The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV.[1] The Sixth Circuit has long held that "the fourth amendment forbids the unannounced, forcible entry of a dwelling in the absence of exigent circumstances." *U.S. v. Francis*, 646 F.2d 251 at 258 (6ᵗʰ Cir.1981).

If the knock-and-announce rule was not complied with, this court must determine "whether an objectively reasonable officer, confronted with similar circumstances, could have reasonably believed that exigent circumstances existed" to justify noncompliance with the knock-and-announce rule. *Dickerson, supra.* The Sixth Circuit has recognized three exceptions to the knock-and-announce rule:

(1) the persons within already know of the officers' authority and purpose; (2) the officers have a justified belief that

---

**1.** The guarantees of the Fourth Amendment are made applicable to State officers under the Fourteenth Amendment. *See e.g. Ingram v. City of Columbus*, 185 F.3d 579 (6ᵗʰ Cir. 1999).

someone within is in imminent peril of bodily harm; or (3) the officers have a justified belief that those within are aware of their presence and are engaged in escape or the destruction of evidence. *Francis, supra* at 258.

In this case, disputed issues of material fact remain as to whether the officers announced the purpose of their visit. Plaintiff Mrs. Battiste testifies that the police banged on the door, but she does not remember hearing their announcement of the purpose of their visit. Defendants from the Eaton County Sheriff Department testified that they were not part of the initial entry team, and defendant Torongeau from the Michigan State Police testifies that although he does not remember whether they announced the purpose of their visit, it was their policy to do so. Torongeau Dep., 16–17. Therefore, there remains a disputed issue of material fact.

Nevertheless, even if the officers failed to announce the purpose of their visit, the undisputed facts show that exigent circumstances were present to justify noncompliance with the knock-and-announce rule. At the time of the search, three armed suspects were still on the loose and there was a good chance that they were hiding in the Battiste household.[2] The officers could have reasonably feared for their safety and loss of the element of surprise. Even if the officers failed to announce the purpose of their visit, exigent circumstances existed as a matter of law to excuse their noncompliance. Thus, summary judgment is granted as to this claim.

### State Law Claims

Under Michigan law, an officer is given immunity from tort liability in the performance of his public duties unless he is grossly negligent. *See* Michigan Governmental Tort Immunity Act, MCLA §§ 691.1401 *et seq.*

### A. Assault and Battery

As discussed above, the officers acted reasonably in light of the violent nature of the crime being investigated and the violent weapons that were being searched for. *A fortiori,* the officers cannot be said to be grossly negligent in their use of force.

### B. False Arrest

Mrs. Battiste was never arrested. She was only detained briefly for questioning and was handcuffed for five minutes. Accordingly, this claim must be dismissed.

### C. False Imprisonment

While Mrs. Battiste was detained at gun point and not allowed to leave, her detention was in connection with the execution of a valid search warrant and, as discussed above, was not excessive. *A fortiori,* the officers were not grossly negligent. Thus, this claim must also fail.

### CONCLUSION

Accordingly, defendants' summary judgment motion is GRANTED and this case is DISMISSED.

**IT IS SO ORDERED.**

---

**2.** Plaintiffs' attorney contends that police officers may not enter any household they wish to in order to arrest suspects of a violent crime. That is not the case here. The Battiste household is clearly not *any* household.

Craig Willie Battiste, Jr. listed their address in the motel registration, and the getaway car led the police to the same house. A reasonable officer must take those factors into account.